THOMAS A. WILLOUGHBY, State Bar No. 137597
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
ppascuzzi@ffwplaw.com
jniemann@ffwplaw.com

Proposed Attorneys for Archer Norris, a Professional Law Corporation, Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ARCHER NORRIS, a Professional Law Corporation,<br><br>Debtor-In-Possession. | CASE NO. 18-30924-HLB<br><br>Chapter 11<br><br>[No Hearing Required] |

**STIPULATION PERMITTING PURCHASE OF PREPETITION CLAIMS AGAINST CLIENTS FOR (1) EMERGENCY PREPETITION COST ADVANCES BY ATTORNEYS; AND (2) ELECTION NOT TO INVOICE CLIENTS FOR UNPAID PREPETITION COSTS**

This stipulation ("Stipulation") is entered into by and between Archer Norris, a Professional Law Corporation, the Debtor and Debtor in Possession herein (the "Debtor" or "Archer Norris") and secured creditor MUFG Union Bank, N.A. (the "Bank"), through their respective counsel, with reference to the following facts:

**RECITALS**

A.  On August 22, 2018 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California. No trustee, examiner or creditors' committee has been appointed in this chapter 11 case. The Debtor remains as Debtor in possession pursuant to 11 U.S.C. §§1107 and 1108.

///

Stipulation Permitting Purchase of Emergency Prepetition Cost Advances and Unpaid Costs

Case: 18-30924   Doc# 68   Filed: 09/10/18   Entered: 09/10/18 16:41:15   Page 1 of 4

1

B. The Debtor has advised the Bank it is a 70-lawyer litigation firm with four offices located in Walnut Creek, San Francisco, Newport Beach and Los Angeles, California, and that as of the Petition Date, the Debtor had approximately 60 non-lawyer employees.

C. The Debtor's main creditor is the Bank, which was owed approximately $3 million under a line of credit, three equipment loans, and a credit card agreement as of the Petition Date. The Bank asserts a blanket security interest in the Debtor's personal property.

**Emergency Cost Advances by Archer Norris Attorneys**

D. Prior to the Chapter 11 filing, the firm's credit card was frozen, and all funds in Debtor's accounts were swept daily.

E. As a result, some of the firm's attorneys personally advanced funds for reimbursable client costs ("Emergency Prepetition Cost Advances") in order to comply with their professional responsibilities under all applicable rules of the California Rules of Professional Responsibility ("Rules"), including but not limited to Rule 3-700 regarding Termination of Employment, which precludes an attorney from abandoning his or her client and specifically provides that "a member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the clients." Rule 3-700(A)(2).

F. The Debtor asserts that Debtor's attorneys and/or staff members who made Emergency Prepetition Cost Advances have a direct claim against clients for such prepetition advances.

G. To avoid client confusion from having Debtor's attorneys and the Debtor both seek payment for the Emergency Prepetition Cost Advances, the Debtor has requested that the Bank authorize the Debtor to use the Bank's Cash Collateral as defined in that Interim Order Granting Debtor's Emergency Motion for Interim Use of Cash Collateral and Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 (Document No. 44) filed on August 31, 2018 ("Interim Cash Collateral Order") to purchase the direct claims held by its attorneys (both non-shareholder and shareholder) and/or staff members in an amount equal to the Emergency Prepetition Cost Advances.

H. The Debtor has agreed to invoice its clients for the Emergency Prepetition Cost Advances purchased and agrees that such post-petition date claims are included within and subject to the Bank's Replacement Lien as defined in the Interim Cash Collateral Order.

I. The total amount of the Emergency Prepetition Cost Advances shall not exceed $10,000, without the Bank's written consent.

**Debtor's Election to Invoice Clients for Unpaid Prepetition Costs**

J. In preparing invoices post-petition, Michael R. Nebenzahl, a non-shareholder but a senior lawyer with Archer Norris, expressed his concerns that invoicing a client for a cost that had not been paid for by Archer Norris ("Unpaid Costs") was prohibited under the applicable California law, including but not limited to Rule 3-700. Under Rule 3-700 prior to withdrawal from a client relationship, Archer Norris must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client[.]"

K. To invoice an Archer Norris client for Unpaid Costs at this stage, on the eve of the termination of the client relationship, would foreseeably prejudice the rights of the client in two ways. First, the client might face double payment requests from Archer Norris and the unpaid vendor for the Unpaid Costs. Second, if the client paid Archer Norris for the Unpaid Costs, the vendor, who may be critical to a client's open matter, may refuse to provide further critical services to the client absent a second payment.

L. Given the foregoing, the Debtor requested that the Bank agree that the Debtor does not need to invoice clients for Unpaid Costs that were provided to the clients on their matters by vendors that have not been paid by Archer Norris.

M. The Debtor respectfully submits that cause exists to grant this Stipulation without a hearing because the Bank is the only party with any interest in any Emergency Prepetition Cost Advances or Unpaid Costs. The Bank has authorized the Debtor to purchase Emergency Prepetition Cost Advances with the Bank's Cash Collateral and not to invoice its clients for Unpaid Costs to avoid any client concerns or confusion, which will assist the Debtor in collecting its final invoices to be sent to its clients over the next month.

///

# STIPULATION

NOW THEREFORE, Debtor and the Bank hereby stipulate and agree (the "Stipulation") as follows:

1. Debtor is authorized to expend up to $10,000 of the Bank's Cash Collateral, or such greater amount subject to Bank's written consent, to purchase Emergency Prepetition Cost Advances claims held by shareholder and/or non-shareholder attorneys and/or staff members of the Debtor.

2. The post-petition date invoices that will include the Emergency Prepetition Cost Advances are included within and subject to the Replacement Lien previously granted the Bank in the Interim Cash Collateral Order.

3. The Budget attached to the Interim Cash Collateral Order is hereby amended in an amount equal to the Emergency Prepetition Cost Advances.

4. All Emergency Prepetition Cost Advances shall be invoiced to the respective clients by the Debtor prior to September 30, 2018.

5. The Debtor shall deliver an accounting to the Bank of all claim purchases pursuant to this Stipulation by email to Robert B. Kaplan, Esq. at rbk@jmbm.com and David Dinges at david.dinges@unionbank.com commencing Monday, September 17, 2018, and continuing on each and every Monday thereafter.

6. The Debtor is authorized to not invoice its clients for Unpaid Costs that the Debtor has not paid.

Dated: September 10, 2018         FELDERSTEIN FITZGERALD
                                  WILLOUGHBY & PASCUZZI LLP

                                  By: */s/ Thomas A. Willoughby*
                                      THOMAS A. WILLOUGHBY
                                      Proposed Attorneys for
                                      Archer Norris, a Professional Law
                                      Corporation, Debtor-in-Possession

Dated: September 10, 2018         JEFFER MANGELS BUTLER & MITCHELL LLP

                                  By: */s/ Robert B. Kaplan*
                                      ROBERT B. KAPLAN
                                      Attorneys for MUFG Union Bank, N.A.