THOMAS A. WILLOUGHBY, State Bar No. 137597
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
twilloughby@ffwplaw.com
jniemann@ffwplaw.com

Attorneys for Archer Norris, a Professional Law
Corporation, Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ARCHER NORRIS, a Professional Law Corporation,<br><br>Debtor-in-Possession. | CASE NO.: 18-30924-HLB<br><br>Chapter 11<br><br>**DEBTOR'S STATUS REPORT RE COURT'S FEBRUARY 14, 2019 CALENDAR**<br><br>Date: February 14, 2019<br>Time: 10:00 a.m.<br>Place: 450 Golden Gate Avenue<br>Courtroom 19<br>San Francisco, CA 94102<br>Judge: Honorable Hannah L. Blumenstiel |

Archer Norris, a Professional Law Corporation, the Debtor and Debtor in Possession herein (the "Debtor") respectfully submits the following status report for confirmation hearing set on the February 14, 2019 calendar (the "February 14 Calendar") in this case ("Case").

**INTRODUCTION**

The only matter on the Court's February 14 Calendar in the Case is the confirmation of the Joint Plan of Liquidation Proposed by the Debtor and the Official Committee of Unsecured Creditors (Dated: February 12, 2019) ("February 12 Plan of Liquidation"), filed concurrently herewith, which attaches as Exhibit B a blackline of the February 12 Plan of Liquidation displaying the changes from the Joint Plan of Liquidation Proposed by the Debtor and the Official Committee of Unsecured Creditors (Dated: December 21, 2018).

///

**OPPOSITION**

The only opposition to confirmation was filed by Macy's Inc. (Dkt. No. 241). That opposition has not been resolved and is expected to go forward at the confirmation hearing. The Debtor does not anticipate lengthy argument and will largely rely on the points addressed in the Memorandum of Points and Authorities in Support of Confirmation of the February 12 Plan of Liquidation filed on February 7, 2019 (Dkt. No. 247) (along with evidence and other filings filed concurrently therewith, the "Confirmation Brief").

The issue among the Debtor, the Committee and Columbia Casualty Company and its affiliates regarding the *res judicata* language in new section 6.2 of the plan that was still unresolved at the time the Confirmation Brief was filed has been resolved. That resolution is incorporated into the blacklined changes in Exhibit B to the February 12 Plan of Liquidation filed herewith.

At this moment, the Debtor does not foresee any other issues arising at the hearing that were not addressed in the Confirmation Brief.

**PROPOSED CONFIRMATION ORDER**

Attached as Exhibit 1 to this status report is a proposed order confirming the February 12 Plan of Liquidation. The proposed order has not been circulated to other parties.

Dated: February 12, 2019

        FELDERSTEIN FITZGERALD
        WILLOUGHBY & PASCUZZI LLP

        By: */s/ Thomas A. Willoughby*
           THOMAS A. WILLOUGHBY
           Attorneys for Archer Norris,
           a Professional Law Corporation,
           Debtor-in-Possession

# EXHIBIT 1

THOMAS A. WILLOUGHBY,
State Bar No. 137597
JENNIFER E. NIEMANN,
State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
Email: twilloughby@ffwplaw.com
Email: jniemann@ffwplaw.com

Attorneys for Archer Norris, a
Professional Law Corporation, Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ARCHER NORRIS, a Professional Law Corporation,<br><br>Debtor-In-Possession. | CASE NO. 18-30924-HLB<br><br>Chapter 11<br><br>Date: February 14, 2019<br>Time: 10:00 a.m.<br>Place: 450 Golden Gate Avenue<br>Courtroom 19<br>San Francisco, CA 94102<br>Judge: Honorable Hannah L. Blumenstiel |

**ORDER CONFIRMING JOINT PLAN OF LIQUIDATION PROPOSED BY THE DEBTOR AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS (DATED: FEBRUARY 12, 2019)**

A hearing was held on February 14, 2019 (the "Confirmation Hearing"), for the Court to consider confirmation of the Joint Plan of Liquidation Proposed by the Debtor and the Official Committee of Unsecured Creditors (Dated: February 12, 2019) (Dkt. No. \_\_\_\_) ("Plan") jointly proposed by Archer Norris, a Professional Law Corporation ("Archer Norris" or the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee") in the above-referenced case.[1] Appearances at the Confirmation Hearing were noted on the record. Findings of fact and

---

[1] All terms which are not defined in this Order shall have the definitions assigned to such terms in the Plan.

conclusions of law were stated on the record.

The Court having considered the Plan, the voting on the Plan and all other evidence submitted in support of confirmation of the Plan, including the declaration filed on February 1, 2019, as Docket Number 240, the memorandum of points and authorities in support of confirmation filed on February 7, 2019, as Docket Number 247, the declarations filed on February 7, 2019, as Docket Numbers 247-1 and 247-2, the complete record in this case, and the statements, arguments and representations of the parties made at the Confirmation Hearing; having concluded that all of the requirements of Section 1129 of the Bankruptcy Code necessary for confirmation of the Plan have been satisfied; and having determined that proper notice of the Plan and the Confirmation Hearing was given, no objections to confirmation of the Plan were filed, and after due deliberation and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED:

1. The opposition to confirmation of the Plan filed by Macy's, Inc. is overruled for the reasons stated on the record.

2. The Plan, and each of its provisions, is confirmed in its entirety according to its terms and conditions.

3. On the Effective Date, the terms of the Plan shall bind the Debtor, the Liquidating Manager, the Committee, the Post-Confirmation Committee, all Creditors and the Debtor's Shareholders, whether or not such Creditors or the Debtor's Shareholders have filed proofs of Claim or Interest in the Chapter 11 Case, whether or not the Claims of such Creditors or the Interests of the Debtor's Shareholders are impaired under the Plan, and whether or not such Creditors or the Debtor's Shareholders have accepted or rejected the Plan.

4. The Debtor and the Committee are authorized and empowered to take all actions necessary or appropriate to consummate the transactions contemplated by the Plan, to implement the Plan and to consummate the Plan.

5. On the Effective Date, Kyle Everett shall serve as the Plan Administrator without further order of the Bankruptcy Court and shall have the rights, powers and privileges expressly provided in the Plan.

6. From the Effective Date until all Retained Assets are fully administered, and except as otherwise provided by the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtor or the Estate that arose prior to the Effective Date are enjoined from taking legal action against the Liquidating Debtor for the purpose of directly or indirectly collecting, recovering, or receiving payment or recovery with respect to any Claim or demand against the Debtor or the Estate.

7. In accordance with Section 11.4 of the Plan, under Section 1146(a) of the Bankruptcy Code, any transfers of property pursuant hereto shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, sales or use tax, mortgage recording tax, or other similar tax or governmental assessment, and upon entry of the Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents pursuant to such transfers of property without the payment of any such tax, recordation fee, or governmental assessment.

8. Pursuant to Federal Rule of Bankruptcy Procedure 3020(c), the Debtor shall promptly cause to be served notice of entry of this Confirmation Order as provided in Federal Rule of Bankruptcy Procedure 2002(f) to all creditors, equity security holders and other parties in interest.

9. The time to assume or reject the Executory Contract between Archer Norris and NetVoyager Corporation dba NetDocuments ("NetDocuments Contract") shall be extended to the Effective Date, and the NetDocuments Contract will not be rejected on the Confirmation Date notwithstanding language in Plan section 7.1 to the contrary.

10. The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on the validity, binding effect and enforceability of such provision, and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan, including those referenced in this Confirmation Order.

11. Notwithstanding entry of this Confirmation Order, the Court shall retain

Case: 18-30924    Doc# 258    Filed: 02/12/19    Entered: 02/12/19 16:28:28    Page 6 of 7

jurisdiction to facilitate performance of the Plan by entering any further necessary order regarding interpretation or enforcement of the Plan and as provided for in Article X of the Plan.

APPROVED AS TO FORM:

BUCHALTER

By:_____
   JEANNIE KIM
   Attorneys for Macy's, Inc.

LOCKE LORD LLP

By:_____
   MICHAEL B. KIND
   Attorneys for Columbia Casualty Company

UNITED STATES DEPARTMENT OF JUSTICE

By:_____
   MARTA VILLACORTA
   Trial Attorney, United States
   Trustee for Region 17

BINDER & MALTER, LLP

By:_____
   ROBERT G. HARRIS
   Attorneys for the Official Unsecured
   Creditors' Committee

**##END OF ORDER##**