

THOMAS A. WILLOUGHBY,
State Bar No. 137597
JENNIFER E. NIEMANN,
State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
Email: twilloughby@ffwplaw.com
Email: jniemann@ffwplaw.com

Attorneys for Archer Norris, a
Professional Law Corporation, Debtor-in-
Possession

Signed and Filed: February 21, 2019

_____
**HANNAH L. BLUMENSTIEL**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ARCHER NORRIS, a Professional Law Corporation,<br><br>Debtor-In-Possession. | CASE NO. 18-30924-HLB<br><br>Chapter 11<br><br>Date: February 14, 2019<br>Time: 10:00 a.m.<br>Place: 450 Golden Gate Avenue<br>Courtroom 19<br>San Francisco, CA 94102<br>Judge: Honorable Hannah L. Blumenstiel |

**ORDER CONFIRMING JOINT PLAN OF LIQUIDATION PROPOSED BY THE DEBTOR AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS (DATED: FEBRUARY 12, 2019)**

A hearing was held on February 14, 2019 (the "Confirmation Hearing"), for the Court to consider confirmation of the Joint Plan of Liquidation Proposed by the Debtor and the Official Committee of Unsecured Creditors (Dated: February 12, 2019) (Dkt. No. 257) ("Plan") jointly proposed by Archer Norris, a Professional Law Corporation ("Archer Norris" or the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee") in the above-referenced case.[1]  Appearances at the Confirmation Hearing were noted on the record.  Findings of fact and

---
[1] All terms which are not defined in this Order shall have the definitions assigned to such terms in the Plan.

conclusions of law were stated on the record.

The Court having considered the Plan, the voting on the Plan and all other evidence submitted in support of confirmation of the Plan, including the declaration filed on February 1, 2019, as Docket Number 240, the memorandum of points and authorities in support of confirmation filed on February 7, 2019, as Docket Number 247, the declarations filed on February 7, 2019, as Docket Numbers 247-1 and 247-2, the complete record in this case, and the statements, arguments and representations of the parties made at the Confirmation Hearing; having concluded that all of the requirements of Section 1129 of the Bankruptcy Code necessary for confirmation of the Plan have been satisfied; and having determined that proper notice of the Plan and the Confirmation Hearing was given, the objection to confirmation of the Plan filed by Macy's, Inc. having been withdrawn, and after due deliberation and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED:

1. The Plan, and each of its provisions, is confirmed in its entirety according to its terms and conditions.

2. On the Effective Date, the terms of the Plan shall bind the Debtor, the Liquidating Manager, the Committee, the Post-Confirmation Committee, all Creditors and the Debtor's Shareholders, whether or not such Creditors or the Debtor's Shareholders have filed proofs of Claim or Interest in the Chapter 11 Case, whether or not the Claims of such Creditors or the Interests of the Debtor's Shareholders are impaired under the Plan, and whether or not such Creditors or the Debtor's Shareholders have accepted or rejected the Plan.

3. The Debtor and the Committee are authorized and empowered to take all actions necessary or appropriate to consummate the transactions contemplated by the Plan, to implement the Plan and to consummate the Plan.

4. On the Effective Date, Kyle Everett shall serve as the Plan Administrator without further order of the Bankruptcy Court and shall have the rights, powers and privileges expressly provided in the Plan.

5. From the Effective Date until all Retained Assets are fully administered, and

except as otherwise provided by the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtor or the Estate that arose prior to the Effective Date are enjoined from taking legal action against the Liquidating Debtor for the purpose of directly or indirectly collecting, recovering, or receiving payment or recovery with respect to any Claim or demand against the Debtor or the Estate.

6. In accordance with Section 11.4 of the Plan, under Section 1146(a) of the Bankruptcy Code, any transfers of property pursuant hereto shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, sales or use tax, mortgage recording tax, or other similar tax or governmental assessment, and upon entry of the Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents pursuant to such transfers of property without the payment of any such tax, recordation fee, or governmental assessment.

7. Pursuant to Federal Rule of Bankruptcy Procedure 3020(c), the Debtor shall promptly cause to be served notice of entry of this Confirmation Order as provided in Federal Rule of Bankruptcy Procedure 2002(f) to all creditors, equity security holders and other parties in interest.

8. The time to assume or reject the Executory Contract between Archer Norris and NetVoyager Corporation dba NetDocuments ("NetDocuments Contract") shall be extended to the Effective Date, and the NetDocuments Contract will not be rejected on the Confirmation Date notwithstanding language in Plan section 7.1 to the contrary.

9. The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on the validity, binding effect and enforceability of such provision, and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan, including those referenced in this Confirmation Order.

10. Notwithstanding entry of this Confirmation Order, the Court shall retain jurisdiction to facilitate performance of the Plan by entering any further necessary order regarding

interpretation or enforcement of the Plan and as provided for in Article X of the Plan.

APPROVED AS TO FORM:

BUCHALTER

By: */s/Jeannie Kim*
  JEANNIE KIM
  Attorneys for Macy's, Inc.

LOCKE LORD LLP

By: */s/ Michael B. Kind*
  MICHAEL B. KIND
  Attorneys for Columbia Casualty Company

UNITED STATES DEPARTMENT OF JUSTICE

By: */s/ Lynette Kelly*
  LYNETTE KELLY
  Trial Attorney, United States
  Trustee for Region 17

BINDER & MALTER, LLP

By: */s/ Robert G. Harris*
  ROBERT G. HARRIS
  Attorneys for the Official Unsecured
  Creditors' Committee

JEFFER MANGELS BUTLER & MITCHELL LLP

By:*/s/ Robert B. Kaplan*
  ROBERT B. KAPLAN
  Attorneys for MUFG UNION BANK, N.A.

**##END OF ORDER##**