LOCKE LORD LLP
Regina J. McClendon (SBN 184669)
rmcclendon@lockelord.com
Meagan S. Tom (SBN 273489)
meagan.tom@lockelord.com
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Telephone: (415) 318-8810
Fax: (415) 676-5816

Attorneys for Creditor
*Columbia Casualty Company and its North American affiliates using the CNA trademark*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>Archer Norris, a Professional Law Corporation<br><br>Debtor | CASE NO.: 18-30924<br><br>Chapter 11<br><br>**MOTION OF COLUMBIA CASUALTY COMPANY FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(B)** |

Columbia Casualty Company and its North American affiliates using the CNA trademark (collectively, "*CNA*"), by its undersigned counsel, hereby respectfully moves this Court for entry of an order, substantially in the form of the attached proposed order, seeking an administrative expense claim (the "*Administrative Claim*") for services provided to the above-captioned debtor during the post-petition period. While CNA understands and expects that post-petition amounts owing will be reconciled and paid in the ordinary course, CNA is making and filing this claim on a protective basis, in order to reserve and assert all of its rights and claims to the extent that they are entitled to administrative expense priority. In support of this Motion, CNA respectfully states as follows.

1

## Introduction and Background

1. Before the Petition Date, CNA provided insurance to the above-captioned debtor (the "***Debtor***" or "***Archer Norris***") pursuant to a certain professional indemnity insurance policy, designated as Policy No. 425167250 (the "***Insurance Policy***"). CNA issued the Insurance Policy to the Debtor prior to the commencement of this chapter 11 case. The effective period of the Insurance Policy is from July 1, 2018 to July 1, 2019.

2. The Debtor filed a petition under chapter 11 on August 22, 2018 (the "***Petition Date***"). Thus, the Insurance Policy was effective, in part, during the post-Petition Date period. Pursuant to the Plan and Confirmation Order, the Debtors assumed the Insurance Policy. *See* Plan, § 7.1. Moreover, the Plan provides that the Insurance Policy is fully enforceable according to its terms. *See* Id., § 6.2.

3. On December 21, 2018 CNA filed a timely, unliquidated Proof of Claim with respect to, *inter alia*, pre-petition amounts due and owing by the Debtor to CNA. A copy of CNA's Proof of Claim is attached hereto as <u>Exhibit A</u>.

4. Pursuant to the Plan and the Insurance Policy, CNA has continued to provide insurance coverage and related claim handling services, all subject to the terms, conditions, exclusions and limitations contained in the policies and related agreements, to the Debtor after the Petition Date. Accordingly, CNA has an administrative expense claim against the Debtor under the Insurance Policy for services provided, allocable to the post-petition period, and as assumed by the Debtor. Though CNA expects to be paid such amounts in full pursuant to the Plan, CNA hereby asserts this Administrative Claim for all such amounts on a protective basis.

5. CNA is still investigating the prepetition and postpetition amounts owing to it under the Insurance Policy and any other related agreements and policies, however, and because this reconciliation is still ongoing, CNA reserves the right to amend and/or supplement this Administrative Claim to claim any additional amounts it discovers owing to it. Therefore, this Administrative Claim is filed in an unliquidated amount. CNA reserves the right to amend this Administrative Claim to reflect a liquidated amounts or to seek a Court order adjudicating such amount. Because CNA is currently investigating the elements of this Administrative Claim, this Administrative Claim is being filed, in part, as a protective

**Locke Lord LLP**
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

1 administrative claim, and is filed to protect CNA from the potential forfeiture of any and all rights against the Debtor.

6. CNA further reserves the right to amend and/or supplement this Administrative Claim to claim any additional amounts it discovers owing to it under the Insurance Policy or to which CNA is otherwise entitled.

7. As stated, CNA expects that any amounts owed in connection with the Insurance Policy or otherwise will be billed and paid in the ordinary course of business. Therefore, CNA files this Administrative Claim out of an abundance of caution in order to reserve CNA's rights to enforce any obligations under the Insurance Policy, or any related insurance agreements and policies, as and when they accrue and/or to any outstanding amounts to which CNA may be entitled.

## Jurisdiction

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue in this Court is proper pursuant to 28 U.S.C. § 1408.

9. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

10. The statutory bases for the relief requested in this Application are section 105(a) and 503(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "***Bankruptcy Code***").

## Relief Requested

11. By this Motion, CNA seeks an administrative expense claim in an unliquidated amount for services provided to the Debtor post-petition (or pursuant to an Insurance Policy (and any related agreements) that were assumed by the Debtor pursuant to the Plan). The services provided to the Debtor post-petition directly benefitted the Debtor, as it enabled the Debtor to maintain its operations and provide services to its clients throughout the bankruptcy proceedings. This Administrative Claim, therefore, asserts a postpetition claim for any obligations owing by the Debtor in connection with the Insurance Policy (and any related agreements and policies) to the extent that any of the amounts asserted related to those agreements are outstanding and are entitled to administrative priority pursuant to sections 503(b) and 507(a) of the Bankruptcy Code or other administrative expense priority.

12. Section 503(b) of the Bankruptcy Code provides that, upon the request of a party in interest, and "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including . .

3

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

. the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). To qualify as an administrative expense under section 503(b)(1)(A), a claimant must demonstrate that the expense arises out of a transaction between the debtors and claimant, and that the transaction directly benefitted the debtors. See *In re North American Petroleum Corp. USA*, 445 B.R. 382, 400 (Bankr. D. Del. 2011); *In re Muma Services Inc.*, 279 B.R. 478, 489 (Bankr. D. Del. 2002); *In re O'Brien Environmental Energy, Inc.*, 181 F.3d 527, 532-533 (3d Cir. 1999).

13. Pursuant to the Insurance Policy, the Plan, and the Confirmation Order, CNA provides insurance to the Debtor. By providing insurance and related services to the Debtor in the post-petition period, CNA has enabled the Debtor to continue to operate its business as a debtor in possession. Absent provision of this insurance and other services, the Debtor likely would have experienced interruption in its business, and would have been unable to complete the Plan solicitation and confirmation process. Because CNA's continued relationship with the Debtor post-petition directly benefited the Debtor, CNA is entitled to an administrative expense claim in an unliquidated amount representing the insurance and other services provided to the Debtor between the Petition Date and the date of this Motion.

14. Because CNA is continuing to investigate the extent to which it provided goods and services to the Debtor under the Insurance Policy (and any related agreements) that are allocable to the post-petition period and because this reconciliation is still ongoing, this Administrative Claim is being asserted in an unliquidated amount. Moreover, because the Plan provides that the Debtor is assuming the Insurance Policy (Plan, § 7.1) and further provides that the Insurance Policy (and any related agreements) are fully enforceable according to their terms (Plan, § 6.2), CNA expects to be paid any outstanding post-petition amounts in full. This Administrative Claim, therefore, is being filed, in part, as a protective administrative claim, and is filed to protect CNA from the potential forfeiture of any and all rights against the Debtor. CNA also reserves the right to request immediate payment of its Administrative Claim in the event that such claim becomes liquidated.

///

///

///

///

## Conclusion

**WHEREFORE**, CNA respectfully requests that the Court enter an order (i) allowing the CNA Administrative Claim in an unliquidated amount and (ii) granting such other and further relief as may be just and fitting under the circumstances.

Dated: July 15, 2019

Respectfully submitted,

LOCKE LORD LLP

By: _/s/ Meagan S. Tom_____
    Regina J. McClendon
    Meagan S. Tom
Attorneys for Creditor
*Columbia Casualty Company and its North American affiliates using the CNA trademark*

**Locke Lord LLP**
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

5

# EXHIBIT A

Fill in this information to identify the case:

Debtor 1   Archer Norris, a Professional Law Corporation
Debtor 2
(Spouse, if filing)
United States Bankruptcy Court   Northern District of California
Case number: **18–30924**

FILED
**U.S. Bankruptcy Court
Northern District of California**
12/21/2018
**Edward J. Emmons, Clerk**

# Official Form 410
# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

| | | |
|---|---|---|
| **1. Who is the current creditor?** | Columbia Casualty Company and affiliates | |
| | Name of the current creditor (the person or entity to be paid for this claim) | |
| | Other names the creditor used with the debtor | |
| **2. Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes. From whom? | |
| **3. Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Columbia Casualty Company and affiliates<br>Name<br><br>c/o Michael B. Kind and Jonathan W. Young<br>Locke Lord LLP<br>111 South Wacker Drive<br>Chicago, IL 60606<br><br>Contact phone  312–443–0700<br><br>Contact email<br>   michael.kind@lockelord.com<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one): | **Where should payments to the creditor be sent?** (if different)<br><br>Name<br><br><br><br>Contact phone<br><br>Contact email |
| **4. Does this claim amend one already filed?** | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____ | Filed on _____<br>MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes. Who made the earlier filing? _____ | |

Official Form 410                              Proof of Claim                              page 1

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

| | | |
|---|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ | |
| 7. **How much is the claim?** | $ unknown | **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Insurance Policy | |
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ _____<br>**Amount of the claim that is secured:** $ _____<br>**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>**Annual Interest Rate** (when case was filed) _____ %<br>☐ Fixed<br>☐ Variable | |
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ | |
| 11. **Is this claim subject to a right of setoff?** | ☐ No<br>☑ Yes. Identify the property: See Attachment | |

Official Form 410              Proof of Claim              page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No<br>☑ Yes. *Check all that apply*: | **Amount entitled to priority** |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☑ Other. Specify subsection of 11 U.S.C. § 507(a)(__2__) that applies | $ 0.00 |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

### Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  12/21/2018
MM / DD / YYYY

/s/ Michael B. Kind
Signature

Print the name of the person who is completing and signing this claim:

Name: Michael B. Kind
First name   Middle name   Last name

Title: Attorney

Company: Locke Lord LLP
Identify the corporate servicer as the company if the authorized agent is a servicer

Address: 111 South Wacker Drive
Number  Street
Chicago, IL 60606
City  State  ZIP Code

Contact phone: 312–443–0700   Email: michael.kind@lockelord.com

Official Form 410  Proof of Claim  page 3

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| In re:<br><br>Archer Norris, a Professional Law Corporation,<br><br>Debtor. | Chapter 11<br><br>Case No. 18-30924 |

ATTACHMENT TO PROOF OF CLAIM
FILED BY COLUMBIA CASUALTY COMPANY

I.   **NOTICES RESPECTING THIS CLAIM**

All notices respecting this claim must be served upon the following persons (the **"Notice Parties"**):

Jonathan W. Young
Michael B. Kind
Locke Lord LLP
111 S. Wacker Drive
Chicago, IL
T: (312) 443-0700
F: (312) 443-0336
jonathan.young@lockelord.com
michael.kind@lockelord.com

II.   **NATURE AND DETAIL OF CLAIM**

Claimant Columbia Casualty Company, on behalf of itself and its North American affiliates using the CNA trademark (collectively, "**CNA**" or "**Claimant**") submits this proof of claim in relation to a certain professional indemnity insurance policy, designated as Policy No. 425167250 (the "**Insurance Policy**"), issued by CNA to Archer Norris, a Professional Law Corporation, the debtor in the above-captioned chapter 11 proceedings ("**Archer Norris**" or the "**Debtor**"). CNA issued the Insurance Policy to the Debtor prior to the commencement of this chapter 11 case. The effective period of the Insurance Policy is from July 1, 2018 to July 1, 2019.

The Debtor filed a petition under chapter 11 on August 22, 2018 (the "**Petition Date**"). CNA files this Proof of Claim (the "**Proof of Claim**") with respect to amounts that are due and owing, or which may become due and owing, by the Debtor to CNA on account of the Insurance Policy or otherwise.

This Proof of Claim is filed as an unliquidated claim. CNA reserves the right to amend this Proof of Claim to reflect a liquidation amount when one is ascertainable or to seek a court order adjudicating such liquidation.

**Outstanding Indebtedness**

The Insurance Policy provides that a self-insured retention amount (the "***SIR***") applies to each claimed occurrence under the Insurance Policy. Both before and after the Petition Date, loss experience under the Insurance Policy has continued to develop. As additional amounts become due and owing under the terms of the Insurance Policy, CNA is entitled to collect those amounts.

Accordingly, CNA hereby files this Proof of Claim to reserve its right to receive deductible reimbursement and related charges that have accrued, which are expected to accrue, and which do accrue in the future under the Insurance Policy. Moreover, CNA reserves the right to argue that CNA has no further coverage, or any other, obligations to the Debtor pursuant to the Insurance Policy to the extent that the Debtor fails to pay any required SIR.

In addition, CNA reserves the right to amend or update this Proof of Claim to the extent necessary to reflect its most current estimate of the deductible reimbursement and related charges that have accrued, which are expected to accrue, and which do accrue in the future under the Insurance Policy. Some of these amounts are attributable to post-bankruptcy insured claims, and may be entitled to administrative priority pursuant to 11 U.S.C. § 507(a)(2). CNA reserves the right to file a separate request for payment of administrative expenses with respect to those amounts.

CNA is continuing to investigate the total aggregate amount of the potential, present, and known exposure under the Insurance Policy and the applicable aggregate SIR owed by the Debtor to CNA. As of the filing of this Proof of Claim, no estimation in regard to that amount is ventured. Any accrued amounts within the SIR on account of any pending or potentially pending claims are reimbursable under the Insurance Policy. CNA hereby asserts this Proof of Claim to recover such amounts and any other amounts which may be due and owing, or which may become due and owing, from the Debtor to CNA.

As loss experience under the Insurance Policy continues to develop, CNA is continuing to investigate the expected paid losses and reserves under the Insurance Policy and is, therefore, filing this Proof of Claim as an unliquidated claim. CNA is entitled to collect from the Debtor any additional amounts that may become due and owing in the future under the terms of the Insurance Policy. CNA reserves the right to amend this Proof of Claim in order to reflect its most current estimate of the deductible reimbursement and related charges that have accrued, which are expected to accrue, or which do accrue in the future under the Insurance Policy. Accordingly, CNA hereby submits this Proof of Claim with respect to any deductible reimbursement, premiums, any related charges, and any other amounts owing from the Debtor to CNA which have accrued, may accrue, do accrue in the future, and continue to accrue after the Petition Date.

A true and correct copy of the Insurance Policy and related documentation shall be provided upon reasonable request and subject to applicable confidentiality concerns.

III. **RESERVATION OF RIGHTS**

The filing of this proof of claim shall not constitute: (a) a waiver or release by Claimant of the rights of Claimant against the Debtors or any other person or property, including its right

to file an administrative claim; (b) a waiver by Claimant to contest the jurisdiction of this Court with respect to the subject matter of the claims asserted in this proof of claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimant; or (c) an election of remedies or choice of law.

Claimant reserves the right to further amend and/or supplement this proof of claim at any time and in any manner, and to file proofs of claim for additional claims which may be based on the respective rights and obligations arising under the relationship described herein or the same events and circumstances described herein. In addition, Claimant reserves the right to attach or bring forth additional documentation supporting its claims and additional documents that may become available after further investigation and discovery.

IV. **SETOFF, RECOUPMENT, SUBROGATION, ETC.**

To the extent Claimant has certain equitable rights or other rights, including without limitation, the rights of recoupment, setoff and subrogation, such rights are expressly asserted hereby, and Claimant reserves all of its rights and preserves all defenses in connection therewith. Claimant additionally reserves its rights with respect to any provision of any Order setting bar dates for filing proofs of claim in this case, which may purport to discharge Claimant's setoff, recoupment, or other equitable rights.