Michael W. Malter (SBN 96533)
Robert G. Harris (SBN 124678)
Julie H. Rome-Banks (SBN 142364)
BINDER & MALTER, LLP
2775 Park Avenue
Santa Clara, CA 95050
Tel: (408) 295-1700
Fax: (408) 295-1531
Email: Michael@bindermalter.com
Email: Rob@bindermalter.com
Email: Julie@bindermalter.com

Attorneys for the Official Unsecured Creditors Committee

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ARCHER NORRIS, a Professional Law Corporation,<br><br>Debtor-In-Possession. | Case No. 18-30924-HLB<br>Chapter 11<br><br>Date: August 8, 2019<br>Time: 10:00 a.m.<br>Place: 450 Golden Gate Avenue<br>Courtroom 19<br>San Francisco, California |

**DECLARATION OF ROBERT G. HARRIS IN SUPPORT OF SECOND AND FINAL APPLICATION FOR APPROVAL OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR OFFICIAL UNSECURED CREDITORS' COMMITTEE COUNSEL**

DECLARATION OF ROBERT G. HARRIS IN SUPPORT OF SECOND AND FINAL APPLICATION FOR APPROVAL OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Case: 18-30924    Doc# 328-1    Filed: 07/15/19    Entered: 07/15/19 16:15:35    Page 1 of 5

I, Robert G. Harris, know that the following statements are true based on my personal knowledge, except where indicated that it is of my information and belief, in which case I believe the statement to be true. If called as a witness, I could and would testify competently to the following:

1. I am a member of the State Bar of California in good standing and am admitted to practice before this Court. I am a partner in Binder & Malter, LLP. My firm is counsel for the Official Unsecured Creditors Committee (the "Committee").

2. On August 22, 2018, Archer Norris, a Professional Law Corporation (the "Debtor") commenced the above-captioned Bankruptcy case by filing a voluntary petition under chapter 11 of title 11 of the United States Code. The Debtor's case is being prosecuted in the United States Bankruptcy Court for the Northern District of California, San Francisco Division, before the Honorable Hannah L. Blumenstiel.

3. The Committee was appointed on September 10, 2018. [Dkt #70]. The Committee filed its Ex Parte Application for Appointment of Attorneys for Attorneys for Official Unsecured Committee (11 U.S.C. §327(a) FRBP 2014(a)) [Dkt. #94] ("Employment Application") on September 19, 2019. The order of this Court approving the Employment Application was entered on October 2, 2018 [Dkt. #134]. Your Applicant disclosed all connections with creditors and interested parties known to it at the time in connection with its Employment Application.

4. One more connection was subsequently discovered and disclosed after the Debtor amended its Mailing Matrix on September 27, 2018, adding a creditor which your Applicant represents, from time-to-time, in other matters. After discovery of the connection, your Applicant, on October 26, 2018, filed a Supplement to Verified Statement of Robert G. Harris In Support of Ex Parte Application for Appointment of Attorneys for Official Unsecured Committee U.S.C. §327(a), FRBP 2014(a)) [Dkt. #156] (the "Supplement"). The Supplement provides as follows in pertinent part:

> 2. In the Application and Verified Statement, Binder & Malter disclosed all connections with creditors and interested parties known at the time. Debtor's subsequent amendment to its schedules and MAL have brought to light one other connection:

DECLARATION OF ROBERT G. HARIRIS IN SUPPORT OF SECOND AND FINAL APPLICATION FOR APPROVAL OF COMPENSATION AND REIMBURSEMENT OF EXPENSES  1

Case: 18-30924    Doc# 328-1    Filed: 07/15/19    Entered: 07/15/19 16:15:35    Page 2 of 5

8x8, Inc. ("8x8") provides clients with internet telephone services. 8x8 provided such services to the Debtor herein. Binder & Malter provides general advisory services to 8x8 in national bankruptcy cases.

3. Binder & Malter did not disclose this connection in the Application or Verified Statement because as 8x8 was not listed in the Debtor's initial filings from which the conflict check was performed; 8x8 was only added later. The relevant sequence of events is as follows:

   a. 8x8 was not listed in the initial creditor matrix [Dkt #2] filed with the Chapter 11 petition on August 22, 2018.

   b. 8x8 was not listed in Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs [Dkt #57] filed on September 5, 2018.

   c. The Debtor filed its Schedule G [Dkt #77] on September 12, 2018. 8x8 was listed in Schedule G, but the amended creditor matrix [Dkt #115] listing 8x8 was not filed until September 27, 2018.

   d. The Application and Verified Statement were filed on September 19, 2018.

   e. At the time that Binder & Malter ran its conflict check of filings in the case for potential conflicts, there was no evidence that 8x8 was involved in the case.

4. Binder & Malter has not represented and will not represent 8x8 in this bankruptcy or provide any legal advice with respect thereto. All files will be maintained separately so as to create an ethical wall as may be required to protect the interests of each client.

5. There is no risk of conflict. The Debtor filed an Omnibus Motion to Reject Executory Contracts and Unexpired Leases Effective as Of October 1, 2018 [Dkt #127] on October 1, 2018. 8x8 listed as an affected party in Exhibit "A" to that Motion. A hearing is set for November 1, 2018. No opposition to the motion has been filed. After rejection of its contract, 8x8 will presumably file a general unsecured claim for rejection damages. Bankruptcy Code section 1103(b) requires that "[a]n attorney or accountant employed to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case." The filing of an unsecured claim in the case by a client of the firm and inclusion of 8x8 thereby into the creditor body that

DECLARATION OF ROBERT G. HARRIS IN SUPPORT OF SECOND AND FINAL APPLICATION FOR APPROVAL OF COMPENSATION AND REIMBURSEMENT OF EXPENSES  2

Case: 18-30924    Doc# 328-1    Filed: 07/15/19    Entered: 07/15/19 16:15:35    Page 3 of 5

> the unsecured creditors' committee represents, when the firm will
> not represent the creditor in the case individually, presents no
> conflict for Binder & Malter as committee counsel. There will be
> no concurrent representation in the Archer Norris bankruptcy. *See
> In re Roberts*, 46 B.R. 815, 824, 1985 Bankr. LEXIS 6788, *19
> (Bankr. D. Utah, 1985) (the Code (then a bill) … "requires that
> counsel to the creditors' committee cease any representation of
> creditors in their individual capacities in connection with the case .
> . .. It does not require the attorney to cease representation of the
> creditors in matters unrelated to the case. It merely sets out a
> mandatory anti-conflict of interest rule for each case.").

Supplement, 2:1-3:10.

5. Your Applicant is a law partnership. Each of the attorneys who have performed services for which compensation is sought is duly licensed and admitted to practice before the above-entitled Court.

6. Your Applicant has not received any payment or other compensation for services rendered prior to the date of this Application except as disclosed herein.

7. To the best of my knowledge, information and belief, no agreement or understanding exists between my firm and any other person or entity for the sharing of compensation to be received for the services rendered in, or in connection with this case, except for the regular members of my firm.

8. On July 15, 2019, at least twenty-one days before the August 8, 2019 hearing date, my firm sent a letter to the members of the Committee notifying them of the Committee's rights as required by Guideline Number 7 of the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees. A true and correct copy of the letter is attached hereto as Exhibit "A".

9. At all times during its representation of the OCC, my firm has adhered to the Guidelines for Compensation and Expense Reimbursement of Professionals (the "UST Guidelines") as issued by this Court on January 1, 1997, as revised November, 2009.

10. As part of Applicant's ordinary billing procedures, Applicant reviews a draft bill of services rendered for each period, categorizes said entries, corrects typographical errors, and writes-off attorney time on an entry-by-entry basis when deemed appropriate in Applicant's discretion. A true and correct copy of my firm's billing statement is attached hereto as Exhibit "B". A table

DECLARATION OF ROBERT G. HARRIS IN SUPPORT OF SECOND AND FINAL APPLICATION FOR APPROVAL OF COMPENSATION AND REIMBURSEMENT OF EXPENSES  3

Case: 18-30924    Doc# 328-1    Filed: 07/15/19    Entered: 07/15/19 16:15:35    Page 4 of 5

summarizing those write-offs appears at the end of Applicant's bill at page 11 and in the Application at page 5. In total, your Applicant listed 4.60 hours of time as "no charge" that had, at applicable hourly rates, a total value of $1,820.00.

**CERTIFICATION**

12. The following statements are made in conformance with Guideline 8 of the UST Guidelines:

    a. I have read the Second and Final Application for Approval of Compensation and Reimbursement of Expenses for Official Unsecured Creditors' Committee Counsel (the "Compensation Application") filed in this case. All of the statements contained therein are true and correct to the best of my knowledge, information and belief formed after reasonable inquiry from preparing said application.

    b. The aforementioned Compensation Application is, to the best of my knowledge, information and belief, in conformity with the Guidelines except as where otherwise noted therein.

    c. The compensation and expense reimbursement sought are billed at rates in accordance with my firm's practice, and are no less favorable than those customarily employed by my firm and generally accepted by my firm's clients.

    d. All expenses for which reimbursement is sought in the Compensation Application are actual expenses, as that term is defined in the Guidelines.

    e. The billing statements attached hereto are true and correct copies of the contemporaneous time records which identify the timekeeper performing the service, time and dollars expended on each entry and a description of the service performed. Pursuant to Guidelines 3 and 10 of the UST Guidelines, the entries have been categorized and reordered to reflect the particular task described in each entry.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this 15th day of July, 2019, at Santa Clara, California.

                                                                                                                                      /s/ *Robert G. Harris*
                                                                                                                                     Robert G. Harris

DECLARATION OF ROBERT G. HARRIS IN SUPPORT OF SECOND AND FINAL APPLICATION FOR APPROVAL OF COMPENSATION AND REIMBURSEMENT OF EXPENSES     4

Case: 18-30924    Doc# 328-1    Filed: 07/15/19    Entered: 07/15/19 16:15:35    Page 5 of 5